# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRYSTALEE PROTHEROE,

    **Plaintiff,**

    v.

JOSEPH MASARIK, et al.,

    **Defendants.**

Case No. 18-2576-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Crystalee Masarik filed this *pro se* action against Joseph Masarik ("Defendant Masarik") and Judges Amy Hanley, Peggy Kittle, James McCabria, and Sally Pokorny ("Judicial Defendants"), asserting claims under "18 USC 3771, 18 USC 241 & 242" and "US Constitution 4th, 6th, 8th, 9th, & 14th amendments."[1] In her Complaint, she seeks "Dleclatory [sic] and injunctive relief, reinstate of 1st amendment-right to parent equal access, right to be free from cruel and unusual punishment, children returned" and "lost wages $275,000.00-from Mr. Masarik. Pain anguish, mental suffering as Court deems. I understand no monetary damages can be collected or requested from judicial members."[2]

The case is before the Court on Defendant Masarik's Motion to Dismiss and Motion for Sanctions (Doc. 9) and Judicial Defendants' Motion to Dismiss (Doc. 4). Plaintiff previously filed an action against Defendants Masarik and Pokorny in this Court,[3] as well as two other

---

[1] Doc. 1 at 3.

[2] Doc. 1 at 3–4.

[3] *Protheroe v. Pokorny, et al.,* No. 16-2387-CM-JPO, 2016 WL 6822657 (D. Kan. Nov. 18, 2016) (dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

actions against Defendant Masarik,[4] all of which were dismissed.  For the reasons stated below, the Court grants both motions to dismiss, and denies Defendant Masarik's motion for sanctions.

## I. Factual Background

The Court derives the following facts from Plaintiff's Complaint.

### A. Allegations Relating to Defendant Masarik

Plaintiff and Defendant Masarik were married in September 2008 and divorced in April 2014.  Plaintiff alleges that Defendant Masarik "lied to the home study investigator to fraudulently and erroneously gain custody of the minor children."[5]  At some point, Defendant Masarik moved the children to Alabama.  Plaintiff alleges that Defendant Masarik refused to have one of the minor children evaluated to determine whether the minor needed her prescription for ADHD medication.  When Plaintiff had the children for Thanksgiving break in 2015, she took the minor to be evaluated, which "enraged" Defendant Masarik, and led to him filing for full legal and physical custody in December 2015, which was granted.[6]  Plaintiff alleges that when she visited her children in Alabama, Defendant Masarik did not allow her to visit the minor children.

### B. Allegations Relating to Judicial Defendants

Plaintiff alleges that she has not had visitation with her children for nineteen months because of the "Doulas [sic] County District Court Judges [sic] contempt and dislike of her refusal to accept their abject failure."[7]  Plaintiff requested a continuance at a "Protection from

---

[4] *Protheroe v. Masarik*, No. 18-2128-JAR-TJJ, 2018 WL 2113235, at *2 (D. Kan. May 8, 2018) (dismissing without prejudice for lack of subject matter jurisdiction plaintiff's claims alleging that Defendant Masarik made false and misleading claims to gain child custody); *Protheroe v. Masarik*, No.18-2147-JAR-TJJ, 2018 WL 3213322, at *2–3 (D. Kan. Apr. 12, 2018) (dismissing for failure to state a claim).

[5] Doc. 1 at 7.

[6] *Id*.

[7] *Id*.

Abuse hearing" on December 20, 2013 because her attorney did not appear, which was denied.[8] During the divorce hearing, Judge Pokorny awarded Defendant Masarik custody of the minor children, which Plaintiff alleges violated her and her children's constitutional rights. She also alleges that she was not given a copy of her home study, in violation of KSA 23-3210(c). Plaintiff alleges that in the home study, Defendant Masarik threatened to "beat [Plaintiff's] @$$."[9] In March 2016, Defendant Masarik failed to produce the children for a scheduled visitation, but the court did not hold Defendant Masarik in contempt.

In March 2017, Plaintiff visited the minors and "noticed evidence that would support the girls [sic] claims that father had abused them."[10] Plaintiff filed a restraining order, which was denied. In March 2017, Judge McCabria issued an emergency order stating that Plaintiff must undergo a mental health evaluation and ordered that she was only allowed to see the children with supervised visitation. Plaintiff received a mental health evaluation, which was submitted to the court, but the court indicated that a "better one must be done."[11] Following this, Plaintiff filed a Writ of Mandamus to the court of appeals to gain access to the home study, but this was denied.

At some point in 2017, Defendant Masarik filed for a no-contact order based on Plaintiff's violations of Judge McCabria's supervision order, which was granted. Plaintiff believes this was granted erroneously and that the guidelines in the supervision order were

---

[8] *Id*.
[9] *Id.* at 10.
[10] *Id.* at 8.
[11] *Id*.

3

"vague."[12] Further, Plaintiff was ordered to pay a $3,000 bond. Judge Hanley also ordered Plaintiff to undergo a mental health evaluation at her own cost.

In May 2017, Plaintiff filed an appeal with the Kansas Court of Appeals. Plaintiff states that Judge Kittle falsely certified a Record of Actions for the appellate action, which stated that the home study was not in the file, and Plaintiff's motion to correct this error was denied. Finally, Plaintiff alleges that Judge Hanley ordered the Douglas County Clerk of Court to withhold the home study evidence.

## II. Motion to Dismiss Standard

Judicial Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1), based on lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(c), based on issue preclusion and judicial immunity, which are both affirmative defenses.[13] Additionally, Judicial Defendants assert that the court must abstain from exercising jurisdiction under *Younger* abstention and the Rooker-Feldman doctrine, and that declaratory relief is precluded by the Eleventh Amendment.

Defendant Masarik, who proceeds *pro se*, moves the Court to issue "a complete dismissal of this case" based on res judicata and because the suit is "completely unfounded."[14] The Court construes this to be a motion to dismiss on the pleadings under Fed. R. Civ. P. 12(c) and a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Finally, because this action stems from Plaintiff and Defendant's family law dispute, the court will sua sponte consider its jurisdiction under 12(b)(1).[15]

---

[12] *Id.*

[13] *See* Fed. R. Civ. P. 8(c)(1).

[14] Doc. 9 at 1.

[15] *Pliuskaitis v. USA Swimming*, 720 F. App'x 481, 485 (10th Cir. 2018) ("A court has a duty to examine its jurisdiction to determine whether it can review a matter.").

Rule 12(b)(1) provides for dismissal of a claim where the court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[16] A court lacking jurisdiction must dismiss the claim, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[17] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[18] Mere conclusory allegations of jurisdiction are not enough.[19]

A motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is decided under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).[20] The court must accept all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in favor of the non-moving party.[21] A motion for judgment on the pleadings should not be granted unless the movant has clearly established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter of law.[22] The court does not accept as true legal conclusions that are couched as factual allegations,[23] but rather determines whether the factual allegations "plausibly give rise to an entitlement to relief."[24] To avoid

---

[16] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal citations omitted)).

[17] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[18] *Montoya*, 296 F.3d at 955.

[19] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[20] *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[21] *Id.*

[22] *Id.*

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[24] *Id.* at 679.

dismissal, a plaintiff must state a plausible claim, which requires "sufficient factual allegations to 'raise a right to relief above the speculative level.'"[25]

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis. The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[26] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[27] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[28]

## III. Discussion

### A. Failure to Respond

As an initial matter, Plaintiff has failed to respond to either Motion to Dismiss. Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Accordingly, the Court may grant both motions to dismiss as uncontested. Out of an abundance of caution, the Court considers the substance of the motions below.

---

[25] *Id.*

[26] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[27] *Id.*

[28] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

### B. Subject Matter Jurisdiction

Judicial Defendants argue that this case falls under the domestic relations exception to federal jurisdiction. The Court *sua sponte* considers whether this exception equally applies to bar suit against Defendant Masarik. "The domestic relations exception divests federal courts of the power to issue divorce, alimony, and child custody decrees."[29] Here, Plaintiff asks the Court for declaratory and injunctive relief in the form of "reinstate of 1st amendment-right to parent equal access" and "children returned to mother."[30] To the extent Plaintiff seeks that the Court reopen and modify the child custody decrees from the state court, the Court lacks federal jurisdiction.

### C. Preclusion

Both Judicial Defendants and Defendant Masarik seek to enjoin this suit based on preclusion. Judicial Defendants seek dismissal on the basis of issue preclusion and Defendant Masarik seeks dismissal on the basis of res judicata.

#### 1. Judicial Defendants

Another judge in this district previously denied Plaintiff injunctive relief sought pursuant to various constitution and federal claims, including fourth, fifth, sixth, ninth, fourteenth amendment claims, and violations under 42 U.S.C. §§ 1981, 1983, 1984, 1985, 1986 and 18 U.S.C. §§ 241, 242 based on child custody rulings of state court judges and derivative judicial orders.[31] In the present case, Plaintiff brings claims pursuant to "18 USC 3771, 18 USC 241 &

---

[29] *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

[30] Doc. 1 at 3–4.

[31] *Protheroe v. Pokorny, et al.,* No. 16-2387-CM-JPO, 2016 WL 6822657 (D. Kan. Nov. 18, 2016).

7

242 and "US Constitution 4th, 6th, 8th, 9th, & 14th amendments" based on many of the same state court actions.

The Tenth Circuit has explained,

> Issue preclusion bars a party from relitigating a discrete issue in a current proceeding if (1) a prior proceeding resulted in a final judgment on the merits; (2) the issue is identical to an issue actually adjudicated in the prior proceeding; (3) the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the party against whom preclusion is asserted was a party or is in privity with a party in the prior proceeding.[32]

Here, the prior proceeding resulted in a final judgment on the merits.[33] The issue is identical: namely, federal injunctive or declaratory relief as to decisions made in various state court child custody proceedings and derivative suits. The district court found that relief was barred by the doctrine of judicial immunity, as well as by *Younger* abstention and the Rooker-Feldman doctrine. The party against whom preclusion is asserted—here, Protheroe—had a full and fair opportunity to litigate the issue in the prior proceeding, and she was a party in the prior proceeding. Therefore, the Court finds the claims against Judicial Defendants for actions that occurred prior to *Protheroe v. Pokorny* are barred by issue preclusion.

### 2. Defendant Masarik

In *Protheroe v. Pokorny*, the court found that "[a]ccusing [Defendant Masarik] of a federal crime does not state a claim for which relief may be granted in this court."[34] Here, Plaintiff asserts claims pursuant to the constitution and 18 U.S.C. §§ 241, 242, 3771. As in the

---

[32] *John J Pembroke Living Tr. v. US. Bank Nat'l Ass'n for WaMu Series 2006-AR11 Tr.*, 732 F. App'x 678, 682–83 (10th Cir. 2018).

[33] *Protheroe*, 2016 WL 6822657, at *1. *See Lee v. Pellant*, No. 07–4124–JAR, 2008 WL 336751, at *2 (D.Kan. Feb. 4, 2008) ("It is well settled that dismissal for failure to state a claim is a final judgment on the merits.").

[34] *Protheroe*, 2016 WL 6822657, at *9.

previous action, these statutes do not create a cause of action against Plaintiff's ex-husband. 18 U.S.C. § 241 and 18 U.S.C. § 242 are criminal statutes and do not create a private cause of action. This issue was already decided in the previous proceeding, it is identical, and it was fully and fairly litigated against Plaintiff, who was a party to the previous suit. Accordingly, the Court finds that the suit against Defendant Masarik is barred by issue preclusion.

To the extent Plaintiff asserts a new cause of action under 18 U.S.C. § 3771, which could be construed as a non-identical issue, the Court finds that the Crime Victims Statute does not create a cause of action here. The Crime Victims Act applies in federal criminal cases to victims of federal crimes and is not applicable here.[35]

### D. Judicial Immunity

To the extent the Complaint raises issues relating to actions by Judicial Defendants that occurred after the court's 2016 ruling, the claims are barred by judicial immunity. "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief* shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'"[36] Only where a judge acts in the "clear absence of all jurisdiction will immunity be overcome."[37] Further, "[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past."[38] Here, no declaratory decree was violated. Judge Kittle, Judge McCabria, Judge Hanley, and Judge Pokorny properly had jurisdiction, and Plaintiff makes no argument to the contrary.

---

[35] 18 U.S.C. § 3771.

[36] 42 U.S.C. § 1983 (emphasis added).

[37] *Moss v. Kopp*, 559 F.3d 1155, 1164 (10th Cir. 2009).

[38] *Raiser v. Kono*, 245 F. App'x 732, 736 (10th Cir. 2007).

9

Accordingly, the claims for injunctive and declaratory relief against Judicial Defendants must be dismissed.

**IV.     Motion for Sanctions**

Defendant Masarik filed an answer, in which he moved the Court to "restrain Mrs. Protheroe from ever filing again," file criminal charges against Plaintiff, impose a permanent restraining order, pay for past damages suffered by Defendant, require Plaintiff to undergo a full mental evaluation, restrict any remaining parental rights of Plaintiff, and "counter sue" for $125,000 to "pay for all current attorneys fees, lost time, and lost leave."[39] While many of the remedies Defendant Masarik seeks are not within the purview of this Court, the Court construes his answer as a motion for sanctions under Fed. R. Civ. P. 11 for 1) costs and fees associated with the present motion and 2) filing restrictions to be imposed on Plaintiff.

As previously discussed, this is Plaintiff's fourth case in the United States District Court for the District of Kansas against Defendant Masarik. In the present case, Plaintiff again accuses Defendant Masarik of "[lying] to the home study investigator to fraudulently and erroneously gain custody of the minor children."[40] She brings claims under "18 USC 3771, 18 USC 241 & 242" and "US Constitution 4th, 6th, 8th, 9th, & 14th amendments."[41] The Court once again finds that Plaintiff fails to assert a claim against Defendant Masarik, a private citizen, under these federal statutes or the Constitution based on his alleged fraudulent statements to the home investigator.[42]

---

[39] Doc. 9 at 3.
[40] Doc. 1 at 7.
[41] Doc. 1 at 3.
[42] Doc. 14.

Under Rule 11(b), by presenting the court with a pleading, a party certifies, in relevant part, that:

> (1) [the pleading] . . . is not being presented for any improper purpose, such as to harass;
> . . .
> (2) the claims, defense, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law;
> (3) the factual contentions have evidentiary support.

Under Rule 11(c), the Court may impose sanctions, including paying the costs and fees of the other party, if a party files claims that are not "warranted by existing law."[43] Further, the right of access to the courts is not absolute, nor is it unconditional.[44] Under 28 U.S.C. § 1651, this Court has the authority to enjoin a litigant who abuses the court system through vexatious and harassing litigation.[45]

Plaintiff has filed four nearly identical suits against Defendant Masarik in this Court. On each occasion, she alleges the same factual basis for her claim, namely, that Defendant lied to the home study investigator to fraudulently gain custody of their minor children. Plaintiff has repeatedly asserted the same federal grounds for her claim, including Constitutional amendments and 18 U.S.C. §§ 241, 242. The Court has repeatedly dismissed her complaints for failure to state a claim, and Defendant Masarik has repeatedly responded to the same meritless claims. Plaintiff may not bring constitutional claims or assert criminal federal statutes against her ex-husband, a private citizen. Further, the Court has now specifically ruled that these claims against

---

[43] Fed. R. Civ. P. 11(b).

[44] *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).

[45] *See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

Defendant Masarik and Judicial Defendants are precluded, as discussed in section III.C. In sum, a federal court will not relitigate an identical issue that has been decided on the merits.[46]

Nevertheless, the Court denies Defendant's request for sanctions because he did not comply with the safe-harbor provisions in Rule 11(c), which allows the challenged claim to be withdrawn or corrected within twenty-one days after service.[47] Further, the Court declines to find that Plaintiff's conduct rises to the level required to impose filing restrictions at this time. Plaintiff is on notice, however, that if she files another lawsuit in this District alleging the same issues and claims brought here, the Court may entertain imposing sanctions in the form of costs to the other parties and filing restrictions.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Masarik's Motion to Dismiss (Doc. 9) and Judicial Defendants' Motion to Dismiss (Doc. 4) are **granted**, and Defendant Masarik's Motion for Sanctions (Doc. 9) is **denied**. This case is dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: January 31, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[46] *John J Pembroke Living Tr. v. US. Bank Nat'l Ass'n for WaMu Series 2006-AR11 Tr.*, 732 F. App'x 678, 682-83 (10th Cir. 2018).

[47] Fed. R. Civ. P. 11(c)(2).