# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRYSTALEE PROTHEROE,

    Plaintiff,

v.

JOSEPH MASARIK, et al.,

    Defendants.

Case No. 18-2576-JAR-JPO

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration, as supplemented (Docs. 16, 19). Plaintiff, proceeding *pro se*, seeks reconsideration of the Court's January 31, 2019 order of where the Court dismissed Plaintiff's claims against Defendant Joseph Masarik ("Defendant Masarik"), as well as Judge Peggy Kittle, Judge James McCabria, Judge Amy Hanley, and Judge Sally Pokorny ("Judicial Defendants"). For the following reasons, the Court denies Plaintiff's motion for reconsideration.

**I.    Background and Legal Standard**

On January 31, 2019, the Court granted Defendant Masarik's motion to dismiss (Doc. 9), finding that the Court lacked subject matter jurisdiction over family law matters and further, that Plaintiff's claims were barred by issue preclusion and failed to state a claim upon which relief could be granted.[1] The Court also granted Judicial Defendants' motion to dismiss (Doc. 4), finding that the Court lacked subject matter jurisdiction, and further, that Plaintiff's claims were barred by both issue preclusion and judicial immunity.[2]

---

[1] Doc. 14 at 7–8.

[2] *Id*. at 7–10.

On February 13, 2019, Plaintiff filed this motion, arguing (1) that she can demonstrate excusable neglect—presumably to excuse her failure to respond to Judicial Defendant's motion—because she did not receive Judicial Defendants' Motion to Dismiss because "her mail is sent to a PO Box and then her address;" (2) there is manifest injustice because of Judicial Defendants' state court rulings; and (3) she is entitled to relief under "fraud and unreasonably denying a citizen of due process rights."[3] On March 6, 2019, Plaintiff supplemented her motion with an affidavit from her state court attorney which states that a "home study" exists.

Because Plaintiff filed her motion to reconsider within twenty-eight days of the Court's order, the Court construes Plaintiff's motion as one seeking to alter or amend judgment under Fed. R. Civ. P. 59(e). Grounds which justify alteration or amendment under Rule 59(e) include: (1) there is an intervening change in controlling law; (2) there is new evidence that was previously unavailable; or (3) there is a need to correct clear error or prevent manifest injustice.[4] A motion to alter or amend judgment is appropriate where the "court has misapprehended the facts, a party's position, or the controlling law."[5]

## II. Discussion

The Court first addresses Plaintiff's contention that she is entitled to relief based on excusable neglect because she did not receive Judicial Defendants' motion to dismiss. As an initial matter, the Court did not grant either motion to dismiss as uncontested under D. Kan. Rule 7.4; therefore, a showing of excusable neglect would not change the outcome of either motion. Further, Judicial Defendants complied with the local rules by serving the motion and accompanying memorandum through U.S. Mail to the address listed by Plaintiff on her

---

[3] Doc. 16 at 4.
[4] *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).
[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Complaint[6] and Civil Cover Sheet.[7]  The same address is listed on the present motion.[8]  Under D. Kan. Rule 5.1(c)(3), "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice."  Accordingly, the Court finds that Plaintiff had sufficient notice of Judicial Defendants' motion to dismiss, and her argument regarding excusable neglect is immaterial.

Plaintiff's additional two arguments simply reiterate the claims brought in her Complaint, and do not address the Court's findings of issue preclusion or judicial immunity.  There has been no change in the controlling law, there is no new evidence that was previously unavailable, and there is no clear error or manifest injustice.  Plaintiff previously advanced the arguments she makes again here, namely, that Judicial Defendants' actions—including the exclusion of the "home study" from the appeal record—constitute manifest injustice and fraud.  The Court found her claims barred by judicial immunity, and the Court will not revisit these issues again here.[9]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for reconsideration (Doc 16) is **denied**.

**IT IS SO ORDERED.**

Dated: March 8, 2019

                                                  S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Doc. 1.

[7] Doc. 2.

[8] Doc. 16.

[9] *Servants of Paraclete*, 204 F.3d at 1012.